**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **AARON FORD** | § | |
| **Plainitff,** | § | |
| | § | |
| **v.** | § | **CASE NO.** |
| | § | |
| **KLEIN VOLUNTEER FIRE DEPT. &** | § | |
| **HARRIS COUNTY EMERGENCY** | § | |
| **SERVICE DISTRICT #16** | § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § | |
| | § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

**Comes Now**, Plaintiff Aaron Ford, and files this lawsuit accusing Klein Volunteer Fire Department and Harris County Emergency Services District #16, hereinafter "Defendants" of violating Title VII of the 1964 Civil Rights Act, as amended 42 U.S.C. § 2000e *et seq.*, and shows the Court the following:

## INTRODUCTION

1. Plaintiff files this Original Complaint and complains of retaliation for his participation in the investigation of co-worker's complaints of hostile work environment and discrimination on the basis of sex under Title VII of the Civil Rights Act of 1964.
2. This action seeks compensatory and punitive damages, lost wages (past, present, and future), attorney's fees, pre-judgment and post-judgment interest, and taxable court costs.
3. Plaintiff demands a jury trial in this case as to any and all issues triable by a jury.

## VENUE

4. Venue is appropriate in the United States District Court for the Southern District of Texas, Houston Division because Plaintiff lives and worked in Houston, Texas, a substantial part

of the events or omissions that that gave rise to the claims in this Complaint happened in Houston, Texas, and the Defendants conducted business in Harris County, Texas, as required under 28 U.S.C. § 1391.

## JURISDICTION

5. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), under 42 U.S.C. § 2000e *et seq.*
6. The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL REQUISITES

7. All conditions precedent to the filing of this action have been met by Plaintiff.
8. Defendants have over 15 employees each and had well over 15 employees throughout the entirety of Plaintiff's employment with Defendants.
9. Plaintiff filed a timely verified Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") which was file stamped August 23, 2022.
10. The Houston EEOC Office issued a Notice of Right to Sue letter for this Charge on April 19, 2023.
11. This lawsuit has been filed within ninety (90) days of Plaintiff's receipt of his Notice of Right to Sue Letter from the EEOC.

## PARTIES

12. Plaintiff Aaron Ford is a resident of Spring, Texas.
13. Defendant, Klein Volunteer Fire Department ("KVFD") is a domestic non-profit corporation formed in the State of Texas and registered to do business in Texas. Defendant may be served with process by mail or in-person on its registered agent, Rich

Jones, 16810 Squyres Road, Spring, Texas 77379, in accordance with Federal Rule of Civil Procedure 4.

14. Defendant Harris County Emergency Service District #16 ("ESD 16"), is a political subdivision of the State of Texas. Defendant must be served with process in-person or by registered or certified mail, return receipt requested, on the county judge in accordance with Federal Rule of Civil Procedure 4, Tex. Civ. Prac. & Rem. Code § 17.024(a) and Tex. R. Civ. P. 106.

## FACTS

15. Plaintiff began working for Defendant KVFD in 2009 as a part-time firefighter.
16. KVFD provides fire and rescue services to the community.
17. ESD #16 owns all of the buildings that KVFD conducts its business out of, and additionally owns and provides the equipment, fire trucks, and other things necessary for KVFD to provide fire and rescue services.
18. ESD #16 also has substantial oversight over the activities of KVFD and now controls the day-to-day operations of KVFD.
19. In December 2021, former Training Chief Ryan Horton, was retaliated against for participating in a sexual harassment investigation against the former Fire Chief, Michael Gosselin that was filed by Jaime Serghini.
20. Thereafter, Mr. Horton submitted an inquiry with the EEOC, naming Plaintiff as a witness.
21. Mr. Horton subsequently filed a Charge of Discrimination with the EEOC.
22. Mr. Horton was then subjected to a retaliatory hostile work environment for filing his inquiry and charge of discrimination with the EEOC.

23. Plaintiff, having worked there at the time, witnessed Mr. Horton being subjected to a retaliatory hostile work environment and later terminated.

24. After Plaintiff was named in Mr. Horton's inquiry, Mr. Ford participated in the EEOC's investigation.

25. After his cooperation, Mr. Ford was subjected to retaliation in the form of a retaliatory hostile work environment.

26. In January of 2022, Mr. Horton filed his Charge of Discrimination with the EEOC.

27. When Deputy Chief Baron Edmiston was notified of Mr. Horton's EEOC Charge, Chief Edmiston told Plaintiff in a phone call that he was "fucked" for cooperating in an EEOC investigation.

28. In March 2022, I was advised via text message to stay away from Mr. Horton and Mrs. Serghini by ESD #16 Commissioner, Gary Morrison. Commissioner Morrison insinuated that I would be subject to further retaliation, including the termination of my employment, if I did not heed his warning.

29. In March 2022, Commissioner Gary Morrison told me via text message on my personal phone saying, "I'll advise you once again, put some distance between you and this mess." Additionally, via phone call, Commissioner Morrison said, "I advise you to stay away from Jaime Serghini and Ryan Horton."

30. On or around April 13, 2022, myself and three other individuals were instructed to clean Fire Chief Montgomery's KVFD Tahoe. While cleaning the Tahoe, I found a Zip Lock bag with multiple playboy magazines in the Fire Chief's Tahoe. I video recorded the situation and followed proper protocol because the situation seemed like Fire Chief

Montgomery was trying to set me up to frame me and say I planted the Zip Lock bag of Magazines to find a reason to terminate my employment with KVFD.

31. In May 2022, Chief Christian Parson told Fire Chief Montgomery that he wanted to have charges filed on myself and Ryan Horton because Ryan Horton dropped off Anna Vollenweider's ESD16 election sign in the back of my truck while my truck was at Station 33.
32. In July 2022, KVFD employees began receiving job offers from ESD #16 as part of the merger with KVFD.
33. On July 6, 2022, I e-mailed RaChele Parker of RIT Management Group (contracted human resources group for ESD #16) and inquired as to when I could expect to receive my job offer. Ms. Parker responded to my e-mail that dame day informing me that I was scheduled to be onboarded the following week on July 11, 2022.
34. On July 11, 2022, ESD #16 held a public meeting which I attended. During this meeting, the Board elected to have a closed session to discuss confidential topics-myself being the topic of discussion.
35. On July 12, 2022, I received a text message from Ms. Parker asking me to give her a call. During our telephone conversation, she informed me that I would not be receiving a job offer from ESD #16. She would not provide me with an explanation as to how ESD #16 came to this decision. Ms. Parker did inform me that I could still interview for the available Training Chief Position.
36. Later that day, I submitted and inquire with the EEOC and notified KVFD and ESD #16 of my EEOC inquiry that same day.

37. On July 13, 2022, I showed up to interview for the Training Chief position. Ms. Parker admitted that she “forgot” to bring my resume (which I had previously provided to her) to my interview. I did not receive this position.

38. On August 12, 2022, my employment with KVFD and ESD #16 was officially terminated, and I was not provided a reason for why I was terminated.

39. Despite terminating me, ESD #16 was actively seeking to hire several part-time firefighters. In fact, ESD #16 chose to continue the employment of all KVFD employees except Mr. Horton, Mrs. Serghini, and myself in retaliation for engaging in protected activity.

40. I applied for positions with other fire departments, and specifically for a firefighter position with the Ponderosa Fire Department. Lance Wilson, who was the ESD 16 Board President, was reviewing applications for the Ponderosa Fire Department (“PFD”). On or around August 21 2022, a fellow firefighter, James Moore, saw my application at PFD and asked Lance Wilson about it while they were at Cypress Creek Fire Department. Lance Wilson told him, “Oh you don’t have to worry. He won’t work anywhere around here again.” This was done in retaliation for me filing an EEOC complaint myself as well as for engaging in protected activity as it pertains to Ryan Horton’s case.

41. As a result of Mr. Wilson’s unlawful behavior, Plaintiff was not interviewed nor hired for the firefighter position with PFD.

**COUNT I. RETALIATION FOR PARTICIPATION IN PROTECTED ACTIVITY**

42. Plaintiff realleges and incorporates paragraphs 1 through 41 herein.

43. Title VII prohibits employers from retaliating against employees for opposing the unlawful employment practices of sex discrimination, sexual harassment, or hostile work

environment; for assisting or participating in an investigation of such unlawful employment practices; or for making a Charge against such unlawful employment practices.

44. Plaintiff participated in two different protected activities of participating in the investigation of Mr. Horton's EEOC Inquiry and Charge of Discrimination and filing his own EEOC charge of discrimination.

45. Defendants, by and through their agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. § 2000e *et seq.*

46. Defendants retaliated and discriminated against Plaintiff by firing him based on Plaintiff's participation in Mr. Horton's EEOC investigation.

47. Had Plaintiff not participated in Mr. Horton's EEOC inquiry and investigation, Defendants would not have retaliated against Plaintiff by terminating him.

48. As a direct and proximate result of the Defendants' conduct that violated 42 U.S.C. § 2000e *et seq*., Plaintiff suffered damages, including lost wages, emotional distress, pain and suffering, and attorney's fees and costs.

49. Defendants' actions were malicious or recklessly indifferent to Plaintiff's federally protected rights. As a further proximate cause, Plaintiff has suffered severe emotional distress, pain and suffering. The wrongs done by the Defendants' actions were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of punitive damages.

50. Defendants' actions as stated above have resulted in damages to Plaintiff, having required Plaintiff to retain the services of Rollins Law, PLLC, to represent him in these proceedings. Thus, Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## COUNT II. RETALIATORY HOSTILE WORK ENVIRONMENT

51. Plaintiff incorporates paragraphs 1 through 50 herein.
52. Title VII prohibits employers from fostering a hostile work environment as a form of retaliation for engaging in protected activity.
53. Plaintiff participated in the EEOC inquiry and investigation pertaining to Mr. Horton.
54. As a direct and proximate result of the Defendants' conduct that violated 42 U.S.C. § 2000e *et seq*., Plaintiff suffered damages, including lost wages, emotional distress, pain and suffering, and attorney's fees and costs.
55. Defendants' actions were malicious or recklessly indifferent to Plaintiff's federally protected rights. As a further proximate cause, Plaintiff has suffered severe emotional distress, pain and suffering. The wrongs done by the Defendants' actions were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of punitive damages.
56. Defendants' actions as stated above have resulted in damages to Plaintiff, having required Plaintiff to retain the services of Rollins Law, PLLC, to represent him in these proceedings. Thus, Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## COUNT II. RETALIATION THROUGH INTERFERENCE WITH SUBSEQUENT EMPLOYMENT

57. Plaintiff incorporates paragraph 1 through 56 herein.
58. Title VII prohibits employers from providing negative job references in retaliation for an employee engaging in protected activity.
59. On or about August 21, 2022, Lance Wilson, ESD #16 President, was at the Cypress Creek Volunteer Fire Department. Mr. Wilson had a conversation with Lance Wilson

regarding Mr. Ford's application to be a firefighter at the Ponderosa Fire Department. Mr. Moore told Mr. Wilson "You might as well throw this in the trash. You don't want to hire Aaron. He is nothing but trouble." Mr. Wilson responded, "Oh you don't have to worry. He won't work anywhere around here again."

60. Defendants, by and through their agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. § 2000e *et seq.*

61. Defendants retaliated and discriminated against Plaintiff by firing him based on Plaintiff's participation in Mr. Horton's EEOC investigation.

62. Had Plaintiff not participated in Mr. Horton's EEOC inquiry and investigation, Defendants would not have retaliated against Plaintiff by terminating him.

63. As a direct and proximate result of the Defendants' conduct that violated 42 U.S.C. § 2000e *et seq*., Plaintiff suffered damages, including lost wages, emotional distress, pain and suffering, and attorney's fees and costs.

64. Defendants' actions were malicious or recklessly indifferent to Plaintiff's federally protected rights. As a further proximate cause, Plaintiff has suffered severe emotional distress, pain and suffering. The wrongs done by the Defendants' actions were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of punitive damages.

65. Defendants' actions as stated above have resulted in damages to Plaintiff, having required Plaintiff to retain the services of Rollins Law, PLLC, to represent him in these proceedings. Thus, Plaintiff seeks recovery of reasonable and necessary attorney's fees.

**PRAYER FOR RELIEF**

66. Plaintiff respectfully prays that Defendants be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

a. Back Pay;

b. Pre-Judgment Interest on Back Pay;

c. Front Pay;

d. Lost Benefits;

e. Compensatory Damages, including but not limited to emotional distress;

f. Punitive Damages;

g. Injunctive and Affirmative Relief;

h. Post-Judgment Interest;

i. Attorney's Fees and Costs;

j. Such other and further relief, at law or in equity, general or special, to which Plaintiff may show he is justly entitled.

Date: May 30, 2023

Respectfully submitted,

**ROLLINS LAW, PLLC**
*/s/Stephen Rollins*
Stephen Rollins
Texas Bar No. 24123112
S.D. Texas No. 3678193
E-mail: rollinslawfirm@gmail.com
Rollins Law, PLLC
P.O. Box 30052
Houston, Texas 77249
Telephone: 832-303-9187
**ATTORNEY FOR PLAINTIFF**